# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CRAIG CLYMORE, pro se,

    Plaintiff,

vs.                                                                                                                              CIV No. 96-763 JC/RLP

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on remand from the Tenth Circuit Court of Appeals for reconsideration of the United States of America's Motion for Summary Judgment or Dismissal on Remand and/or in the Alternative Motion to Amend Answer, filed March 18, 1999 (*Doc. 39*). The Court has reviewed the government's motion, memoranda in support thereof and all relevant authorities. The Court finds the motion well taken and, therefore, granted.

**I.    Background**

On November 23, 1991, Craig Clymore and co-defendant Glen Zacker were arrested near Carlsbad, New Mexico after they landed a Cessna TU 206 airplane that contained approximately 786 pounds of marijuana. Clymore and Zacker subsequently plead guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. In December 1992, this Court sentenced Clymore to 121 months imprisonment to be followed by eight years of supervised release.

Approximately three and a half years after Clymore's conviction, and prior to the running of the statute of limitations for administrative forfeitures, he filed a motion for return of property under

FED. R. CRIM. P. 41(e), seeking the return of various items of property. This Court granted the government's motion for summary judgment, which the Tenth Circuit subsequently reversed and remanded, holding that the constitutionally ineffective notice voided certain DEA and United States Customs administrative forfeitures as against Clymore. *See Clymore v. United States*, (*Clymore I*) 164 F.3d 569 (10th Cir. 1999). Upon remand, this Court granted the government's renewed motion for summary judgment, which again the Tenth Circuit reversed and remanded, holding that the District Court abused its discretion and did not make proper findings of fact. *See United States v. Clymore*, 245 F.3d 1195 (10th Cir. 2001).

## II.     Standard of Review

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *See id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *See Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the

2

record and demonstrate the precise manner in which that evidence supports his claims. *See Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *See Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *See id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *See Matsushita*, 475 U.S. at 597.

### III. Discussion

#### a. Equitable Tolling

In its remand order, the Tenth Circuit held that this Court abused its discretion, as it based its use of the equitable tolling doctrine on an erroneous finding of fact. *See Clymore,* 245 F.3d at 1198. Moreover, the Court of Appeals held that this Court made no findings of fact regarding "whether the government knew that Mr. Clymore had not been served with notice of the administrative forfeiture or whether it was reasonable for the government to fail to timely commence judicial forfeiture proceedings after it became aware that Mr. Clymore challenged the administrative forfeitures." *See id.* at 1199. The Court of Appeals went on to conclude, however, that although the facts of the case seem to preclude equitable tolling, the doctrine may still be invoked under certain circumstances. *Id.*

In the case at hand, the government asserts that Clymore had actual notice of the forfeitures, as he was present at the time of the seizures. *See* Memorandum Brief in Support of Motion for Summary Judgment or Dismissal on Remand and/or in the Alternative Motion to Amend Answer, (Govt's Memorandum), filed March 18, 1999, 7 (*Doc. 40*). The government, however, concedes that there are disputed issues of fact regarding notice. *See* United States' Response to Movant's

3

Suggestions Concerning Proceedings on Remand, filed March 18, 1999, 3 (*Doc. 38*). Also, in the Magistrate Judge's Proposed Findings, which this Court adopted in *Clymore I*, the magistrate judge found that notice was sent to Clymore but returned to the government as undeliverable. *See* Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 26, 1997, 7 (*Doc. 25*). This finding demonstrates that the government knew that Clymore never received notice of the administrative forfeitures. The Court thus concludes that the government knew that Clymore did not receive notice, and he, therefore, was not on notice.

Tied to the previous issue of knowledge of notice is whether the facts in this case allow for equitable tolling when the government failed to timely commence judicial forfeiture proceedings. Equitable tolling may be applied in cases when extraordinary circumstances make it impossible for the party (the government) to file its claim within the statutory period.[1] *See Clymore*, 245 F.3d at 1199. The government claims that Clymore's filing of his motion for return of property just five months prior to the running of the statute of limitations caused it undue harm, as such delay created "unnecessary difficulty in retrieving records and made retrieval impossible in some instances where records had been destroyed." *See* Govt's Memorandum at 7 (*Doc. 40*). After reviewing the case law, this Court can find little support for the proposition that the government's perceived problems rise to the level of an extraordinary circumstance necessitating equitable tolling considering the fact that

---

[1] The Tenth Circuit demarcates essentially four instances in which a party may invoke equitable tolling: (1) where a claimant has actively pursued his judicial remedies by filing a defective pleading; (2) where a party has been tricked by his adversary into missing the filing deadline; (3) if a plaintiff has been misled in some extraordinary way, or (4) when there is some extraordinary circumstance that makes it impossible for the party to file his claims within the statutory period. *See Clymore*, 245 F.3d at1199. As neither side has claimed deceit or defective pleadings, this Court will focus on the extraordinary circumstance instance.

the government itself was placed on notice when Clymore filed his motion for return of property.[2]

### B. Section 881(a) property

Although the government cannot commence a judicial forfeiture proceeding to quiet title to the property in question, this Court may still grant the government ownership rights if there is sufficient evidence to show that the property is governed under 21 U.S.C. §881, Clymore was not an innocent owner, and there were no search and seizure issues. *See Clymore*, 245 F.3d at 1201. Section 881(a) holds that any property used or intended for use to facilitate a drug smuggling operation shall be subject to forfeiture to the United States and no property right shall exist in it. *See* 21 U.S.C. § 881(a) (2002). In the present case, there is no contest regarding the purpose for which the property in question was utilized, as Clymore concedes in his response that the government seized the items upon his arrest for drug smuggling on November 23, 1991. *See* Movant's Response to the United States' Response to Movant's Suggestions Concerning Proceedings on Remand, Objections, and Motion to Dismiss and/or Response to Motion for Summary Judgment or Dismissal on Remand and/or in the Alternative Motion to Amend Answer, March 18, 1999, (Pl's Response) filed April 26, 1999, 4,7,8 (*Doc. 44*).

Moreover, the Court will assume that Clymore is the owner of the property, for he himself

---

[2] There is little case law defining an extraordinary circumstance, as demonstrated by the Tenth Circuit's sole reference to an 1867 case that found an extraordinary circumstance where courts in the southern states were closed due to the Civil War. *See Hanger v. Abbott*, 73 U.S. (6 Wall.) (1867). After researching the issue, this Court notes that the term "extraordinary circumstance" is generally utilized in petitions by prisoners who are seeking appeal from the denial of their 28 U.S.C. § 2255 motions after the statute of limitations has run. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001). In such cases, the court grants the appeal only when the extraordinary circumstances "are beyond [the prisoner's] control and unavoidable even with diligence." *See United States v. Cordova*, 202 F.3d 283, 283 (unpublished) (10th Cir. Dec. 13, 1999) (citations omitted). Moreover, the petitioner must have been prevented from asserting his rights in some extraordinary way. *See id.* (citations omitted).

argues in his response that the property in question is his.[3] Yet Clymore's claim of ownership is moot, as he cannot claim innocent owner status since the property meets the requirements of §881(a) due to Clymore's guilty plea to the drug charges involving the property.

Finally, there is no search and seizure issue surrounding the property. Clymore plead to Count I of the indictment that charged him with conspiracy to possess with the intent to distribute marijuana. *See* Memorandum of Understanding Regarding Guilty Plea, CR 91-630, filed December 11, 1992 (*Doc. 31*). A criminal defendant who knowingly and voluntarily admits guilt in an open court may not thereafter raise "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *See Tollett v. Henderson*, 411 U.S. 258, 266 (1973). In this case, Clymore has never raised any issue regarding the constitutionality of the search or seizure of the items. Yet, even if he had, due to his plea agreement with the government, the issue lacks merit except under narrowly defined circumstances, none of which are present in this case.

## IV.     Conclusion

Although there are no extraordinary circumstances warranting the application of equitable tolling, the government's battle is not lost, for there is sufficient evidence demonstrating that the items at issue fall under the auspices of §881(a). Furthermore, Clymore emphatically argues that the seized property is his. Such argument negates any possible innocent owner claim. Finally, because of his knowing and voluntary plea agreement with the government, and the fact that he never raised the claim, this Court deems the government's search and seizure constitutional. With regard to these issues, and thus with the substantive merits of Clymore's claim, this Court concludes that there is no

---

[3] In its motion for summary judgment, the government argues that Clymore is not the owner of the items and he, therefore, lacks standing to assert ownership rights. *See* Govt's Memorandum at 3. This argument is now moot due to this Court's determination that Clymore is not an innocent owner.

genuine issue of material fact to be decided.

The Court finds the government's motion for summary judgment well taken and, therefore, granted. The Court also finds that the government's motion to amend answer is denied as moot.

Wherefore,

IT IS ORDERED that the United States of America's Motion for Summary Judgment or Dismissal on Remand and/or in the Alternative Motion to Amend Answer, filed March 18, 1999 (*Doc.39)* is GRANTED.

IT IS FURTHER ORDERED that the government's Motion to Amend Answer is DENIED as MOOT.

DATED April 18, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Craig Clymore, *pro se:*

    33052 Outrigger Court
    San Juan Capistrano, California 02675

Attorney for Government:

    Stephen R. Kotz, AUSA
    Albuquerque, New Mexico