IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRAIG CLYMORE,

       Plaintiff,

vs.                                                        NO. 96-CV-0763 JC/RLP

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on remand from the United States Court of Appeals for the Tenth Circuit in the case of *Clymore v. United States*, 415 F.3d 1113 (10th Cir. 2005)), and the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed November 7, 2005 (*Doc. 79*) ("Motion"). Having considered the Tenth Circuit's opinion, the Motion, the parties' submissions, and the relevant authority, the Court finds the government's Motion well-taken and it is GRANTED.

**I.**      **Procedural Background**[1]

Clymore filed a claim seeking return of four items of property[2] or their monetary equivalent pursuant to Fed.R.Crim.P. 41(e)[3]. *See* Doc. 1. This Court denied Clymore's claims on the merits,

---

[1]The factual background in this case is well-established on the record and does not bear repeating here.

[2]The items at issue are: (1) a 1979 Cessna TU 206-G aircraft; (2) $4,510.00 in U.S. Currency; (3) $1,945.00 Pesos worth $686.00 in U.S. dollars; and (4) a ICOM brand portable radio.

[3]Effective December 1, 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at 41(g) with minor stylistic changes. For clarity and reference in this

granting summary judgment in favor of the government and denying Clymore's motion for reconsideration. *See* Docs. 66, 74. Clymore appealed. The Tenth Circuit reversed, joining the majority of circuits in concluding that "sovereign immunity bars claims for monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property." *Clymore v. United States*, 415 F.3d at 1120. The Circuit remanded the case for findings regarding the government's possession of the property and instructed that "should the district court determine on remand that the government is no longer in possession of the property, it should vacate its prior order granting the United States summary judgment and dismiss Clymore's Rule 41 for lack of subject matter jurisdiction." *Id.* The government now urges dismissal and submits declarations establishing that it is no longer in possession of the property.

### *The Cessna TU 206-G Aircraft*

The declaration of John Hieronymous, Forfeiture Counsel of the Drug Enforcement Administration (DEA), establishes that the 1979 Cessna TU 206-G Aircraft was seized initially by the Eddy County Sheriff's Department for pursuit of state forfeiture proceedings. Heironymous Decl. ¶ 5(a). The Eddy County Sheriff's Department requested that the DEA initiate federal forfeiture proceedings. On May 1, 1992, following a review of the supporting evidence, the DEA accepted the case for administrative forfeiture. *Id.* After publishing notice, the DEA did not receive a timely, properly executed claim. Consequently, on July 31, 1992, the DEA declared the 1979 Cessna TU 206-G Aircraft forfeited to the United States. *Id* at ¶ 5(g). On May 13, 1992 the DEA approved the equitable sharing request of the Eddy County Sheriff's Department to place the Aircraft into use. *Id.* at ¶ 5(h). On October 6, 1992, pursuant to 21 U.S.C. § 881(e), the United States Marshals Service

---

memorandum, the Court will refer to the rule as Rule 41(e).

transferred the 1979 Cessna TU 206-G Aircraft to the Eddy County Sheriff's Department. *Id.* at ¶ 5(i). The Court finds that the government is not in possession of the 1979 Cessna TU 206-G Aircraft.

### *$4,510.00 in U.S. Currency*

The DEA initiated administrative forfeiture proceedings against the $4,510.00 in U.S. Currency after DEA special agents, U.S. Customs special agents, and Eddy County Sheriff's Department deputies seized it on November 23, 1991. *Id.* at ¶ 4(a). The DEA published notice and attempted service by mail but did not receive a timely, properly executed claim; thus, the DEA declared the $4,510.00 forfeited to the United States on February 14, 1992. *Id.* at ¶¶ 4(a)-4(g). On July 24, 1992, the DEA approved the request of the Eddy County Sheriff's Department to receive an equitable share of 85 percent of the forfeited funds. *Id.* at ¶ 4(h). On December 23, 1994, pursuant to 21 U.S.C. § 881(e), the United States Marshals Service transferred the funds to the Eddy County Sheriff's Department. *Id.* at ¶ 4(i). The Court finds that the government is not in possession of the $4,510.00 in U.S. Currency.

### *The Mexican Pesos and ICOM*

The Declaration of Martha Ligus, U.S. Department of Homeland Security, U.S. Customs and Border Protection (formerly known as the U.S. Customs Service) ("C.P."), establishes that the Mexican Pesos and ICBM brand portable air ground radio seized on November 23, 1991 were administratively forfeited. *See* Lingus Decl. C.P. documentation shows that $1,945.50 pesos ($686.00 U.S. currency value), U.S. currency totaling $9.26, and an ICBM brand portable air to ground radio were disposed of by the U.S. Customs Service in 1992. *Id.* The Court finds that the government is not in possession of the Mexican Pesos and ICBM brand portable air ground radio.

### *Clymore's Position*

In response to the government's Motion, Clymore asserts that "[i]f Rule 41(e) not [sic] proper avenue, court should construe [sic] motion as whatever is the proper avenue." Resp. at 1. However, while the Court liberally construes a pro se plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Tenth Circuit has made clear that it "will not supply additional facts, *nor...construct a legal theory*." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (emphasis added); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Accordingly, the Court makes no attempt to determine whether other forms of relief might be available to Clymore.

Clymore's primary argument against dismissal is found in his contention that because the forfeiture proceeding was declared void for lack of notice in "*Clymore I*", the government "lacked legal authority to transfer title of the property to the Eddy County Sheriff's Department and any transfer is null and void and without any legal effect." *Id.* Clymore's bald assertion is unpersuasive, however, as it fails to negate the fact that the government is not in possession of the property and sovereign immunity bars an award of monetary damages against the government in a 41(e) proceeding.

The Tenth Circuit's mandate is clear. Having found the government not in possession of the items at issue, the Court must dismiss Clymore's Rule 41(e) claim for lack of jurisdiction.

WHEREFORE,

**IT IS ORDERED** that in accordance with the Tenth Circuit's mandate, the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed November 7, 2005 (*Doc. 79*) ("Motion") is GRANTED and this case is DISMISSED in its entirety with prejudice.

Dated March 2, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE